UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND MASCARENAS,<br><br>　　　　　Petitioner,<br>　v.<br><br>GREG SMITH, *et al.*,<br><br>　　　　　Respondents. | Case No. 3:14-cv-00054-MMD-VPC<br><br>ORDER |

This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Raymond Mascarenas, a Nevada prisoner serving a sentence of life in prison with the possibility of parole after ten years on a sexual assault conviction, following a jury trial in Nevada's Second Judicial District Court. Mascarenas' federal habeas petition asserts six grounds for relief. *See* Petition for Writ of Habeas Corpus (dkt. no. 8).

Respondents filed a motion to dismiss, along with exhibits in support of the motion, on February 17, 2015. (Dkt. nos. 19, 20, 21, 22.) Mascarenas filed an opposition to the motion to dismiss on March 5, 2015 (dkt. no. 24), and respondents filed a reply in support of their motion on March 16, 2015 (dkt. no. 25). Pursuant to an order issued on May 26, 2015 (dkt. no. 26), respondents filed supplemental exhibits in support of the motion to dismiss on June 15, 2015. (Dkt. no. 27.)

Respondents argue in the motion to dismiss that Mascarenas has not exhausted in state court the claims he asserts as Grounds 1 and 3, and respondents also argue that Grounds 1 and 3 are not cognizable in this federal habeas corpus action.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982).

In Ground 1 of his habeas petition, Mascarenas claims that his federal constitutional rights were violated because the jury instructions "failed to indicate that a reasonable doubt as to whether he acted under a reasonable but mistaken belief of consent . . . gave rise to a duty to acquit." Petition for Writ of Habeas Corpus (dkt. no. 8 at 3-3A). Respondents argue that, when Mascarenas asserted this claim in the Nevada Supreme Court on his direct appeal, he made the claim solely on state-law grounds, and did not inform the state supreme court that he asserted a claim of a federal constitutional violation. *See* Motion to Dismiss (dkt. no. 19 at 9). Respondents' argument in this regard is belied by the record. On his direct appeal, Mascarenas made this same claim, and asserted that he "was deprived his rights under the Fifth Amendment to due process under the law." *See* Appellant's Opening Brief, Exh. 40 at 8-10. (The exhibits referred to in this order are located in the electronic record for the case at dkt. no. 27.) Ground 1 is exhausted in state court.

With respect to Ground 1, respondents also argue:

> Mascarenas asserted that the jury instructions 29 and 30 failed to inform the jury of his theory of the case, among other things. The question of jury instruction was presented as a violation of state law. The Nevada Supreme Court ruled on the claim by considering Nevada case law and statutes. Because he did not plead a violation of a federal constitutional

2

> right, and the court ruled under the existing state law governing the subject matter of his claim, he does not merit habeas relief. Furthermore, simply presenting the same claim in his federal petition and calling it a due process violation does not mutate the claim into a federal one. Ground One should be denied.

(Dkt. no. 19 at 10.) This argument is meritless. Mascarenas plainly asserts a federal constitutional claim in Ground 1 of his petition in this case. (*See* dkt. no. 8 at 3-3A.) That federal constitutional claim is cognizable in this federal habeas corpus action.

In Ground 3 of his habeas petition, Mascarenas claims that his right to due process of law was violated by his certification to be tried as an adult. *See id.* at 7-7A.) Respondents argue that this claim has not been exhausted in state court. (Dkt. no. 19 at 3.) Respondents point out that Mascarenas made a somewhat similar claim in state court, but did not assert that his federal constitutional rights were violated on account of his certification to be tried as an adult. (*See id.*) Respondents' argument in this regard is well-taken. Mascarenas did not, before the Nevada Supreme Court, assert that his certification to be tried as an adult violated his federal constitutional rights. (*See* Appellant's Opening Brief, Exh. 40; Appellant's Reply Brief, Exh. 42.) Ground 3 is unexhausted in state court.

With respect to Ground 3, respondents also argue:

> Mascarenas asserted that certifying him as an adult was an abuse of discretion. Nevada Revised Statute 62B.390(2) governs certification of juveniles as adult…. The Nevada Supreme Court ruled on the claim by considering Nevada case law and statutes. Because he did not plead a violation of a federal constitutional right, and the court ruled under the existing state law governing the subject matter of his claim, he does not merit habeas relief. Furthermore, simply presenting the same claim in his federal petition and calling it a due process violation does not mutate the claim into a federal one. Ground Three should be denied.

(Dkt. no. 19 at 10.) This argument is meritless. Mascarenas plainly asserts a federal constitutional claim in Ground 3. (*See* dkt. no. 8 at 7-7A.) The claim is cognizable in this federal habeas corpus action (albeit unexhausted in state court, as is discussed above).

With respect to his unexhausted claim, Ground 3, Mascarenas must do one of the following within thirty (30) days after the entry of this order: (1) file a declaration stating that he wishes to abandon Ground 3 and proceed with this action with respect to

3

his remaining claims; (2) file a motion for stay to request a stay of this action while he exhausts Ground 3 in state court; or (3) file a declaration informing the court that he wishes to voluntarily dismiss this action, in its entirety, without prejudice.

If Mascarenas elects the second option, to file a motion for a stay, he must, to show that a stay is warranted, satisfy the requirements for such a stay described in *Rhines v. Weber*, 544 U.S. 269 (2005).

The Court will grant Mascarenas thirty (30) days to make his election. Mascarenas is warned that, if he does not make the election within the time allowed, the Court will dismiss his entire petition, nominally "without prejudice," pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

Mascarenas is warned that if this case is dismissed in its entirety "without prejudice," either because Mascarenas chooses that option or because Mascarenas does nothing within thirty (30) days, he will likely be barred by the statute of limitations from ever initiating any subsequent federal habeas corpus action. This is because — unless there is some form of tolling available to Mascarenas that is not now apparent to the Court from the record — the limitations period imposed by 28 U.S.C. § 2244(d) has likely run out during the pendency of this federal habeas action. A federal habeas corpus petition does not toll the statute of limitations relative to a subsequent federal habeas action. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)."). Therefore, if this action is dismissed, even "without prejudice," Mascarenas will likely have no opportunity to have any of his habeas corpus claims reviewed on their merits in federal court.

It is therefore ordered that respondents' motion to dismiss (dkt. no. 19) is granted in part and denied in part. The Court finds Ground 3 of petitioner's habeas corpus petition to be unexhausted in state court. With respect to Ground 3, petitioner must, within thirty (30) days after the entry of this order: (1) file a declaration stating that he

wishes to abandon Ground 3 and proceed with this action as to his remaining claims; (2) file a motion for stay, and request a stay of this action while he exhausts Ground 3 in state court; or (3) file a declaration informing the Court that he wishes to voluntarily dismiss this action, in its entirety, without prejudice. If petitioner does not make that election within the time allowed, the Court will dismiss his entire habeas petition pursuant to *Rose v. Lundy*, 455 U.S. 509. In all other respects, respondents' motion to dismiss is denied.

DATED THIS 15th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE